**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Crystal S Ogden,<br><br>    Plaintiff,<br><br>v.<br><br>Dearborn Life Insurance Company,<br><br>    Defendant. | No. CV-22-00713-PHX-DJH<br><br>**ORDER** |

Pending before the Court is Plaintiff Crystal S Ogden's ("Plaintiff") Motion to Remand this matter back to the Maricopa County Superior Court (Doc. 6). Defendant Dearborn Life Insurance Company ("Defendant") filed a Response in Opposition (Doc. 10). Plaintiff filed a Reply (Doc. 12).

**I.     Background**

On January 31, 2022, Plaintiff filed this action against Defendant in the Maricopa County Superior Court (Doc. 1 at 1). On April 5, 2022, Plaintiff filed an Amended Complaint, alleging a breach of contract claim and a breach of covenant of good faith and fair dealing. (Doc. 1-3 at 74–77). The Amended Complaint's prayer for relief did not seek a specific dollar amount, but instead sought:

> (a) Policy benefits consisting of continued life insurance coverage for Ms. Ogden and her family/dependents, with the waiver of any premiums due on the Policy, with interest, in an amount to be determined at trial;
>
> (b) Compensatory damages for past and present mental and emotional damages, physical distress and injury, pain and suffering, loss of enjoyment

of life and other incidental damages, in an amount to be determined at trial;

(c) An assessment of punitive and exemplary damages in an amount to be determined by the jury to punish, and set an example of Defendant to deter other insurers from similar conduct;

(d) Litigation costs and pre and post-judgment interest;

(e) Reasonable attorneys' fees pursuant to A.R.S. 12-341.01;

(f) Taxable costs;

(g) For such other and further relief as to the Court deems just and proper according to the circumstances.

(*Id.* at 78).

Along with her Amended Complaint, Plaintiff filed an Arizona Rule of Civil Procedure 68 Offer of Judgment, proposing judgment for $65,000. (Doc. 6-1 at 2).

On April 27, 2022, Defendant removed the action to the United States District Court for the District of Arizona, relying on 28 U.S.C. §§§ 1332, 1441, and 1446 alleging that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." (*Id.* at 3). On May 3, 2022, Plaintiff filed a Motion to Remand, arguing Defendant failed to meet its burden to prove the amount in controversy exceeds $75,000 as required by 28 U.S.C. § 1332. (Doc. 6). Plaintiff contests only the amount in controversy.

**II.    Discussion**

**A. Motion to Remand**

Plaintiff argues the Amended Complaint does not contain a specific dollar amount and that Plaintiff's Offer of Judgment, which totaled $65,000, established the damages claimed. (Doc. 6 at 4–5). Plaintiff thus contends the Offer of Judgment to accept $65,000 in full settlement of all the claims, coupled with Defendant's failure to accept such an offer, "furnishes strong relevant evidence of a reasonable estimate that the amount in controversy does not satisfy the jurisdictional requirement." (*Id.*) Plaintiff further argues her emotional distress and punitive damages claims cannot be a basis for satisfying the jurisdiction threshold amount because those claims are "unspecified." (*Id.* at 6). Plaintiff also requests

attorneys' fees be awarded because of Defendant's alleged improper removal. (*Id.* at 6–7).

In Response, Defendant argues the Arbitration Certificate and Tier 2 Designation show the amount in controversy is at least $50,000, and that Plaintiff's claims for attorneys' fees, emotional distress, and punitive damages make up the remaining $25,000 and thus the jurisdictional requirement is met. (Doc. 10 at 5). Defendant further contends the Offer of Judgment should not be considered because $65,000 does not demonstrate a "reasonable estimate of Plaintiff's claim." (*Id.* at 14). Defendant also argues Plaintiff's request for attorney's fees should be denied. (*Id.*)

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Defendant may only remove "actions that originally could have been filed in federal court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). There is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.1979)).

A district court may have removal jurisdiction if the plaintiff and defendant are citizens of different states and the "matter in controversy exceeds . . . $75,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(a). Where, as here, the Amended Complaint is ambiguous as to the amount in controversy, the "removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402, 404 (9th Cir. 1996) ("[T]he defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount."). Removal cannot be based on conclusory

allegations where the amount is silent. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). The inquiry into the amount in controversy is not confined to the complaint. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that a court may consider any "summary judgment-type evidence relevant to the amount in controversy at the time of removal").

### 1. Arbitration Certificate and Tier 2 Designation

It is undisputed that the policy benefit Plaintiff seeks, which is $50,000, does not alone meet the amount-in-controversy requirement. (Doc. 10-2 at 5). Defendant nonetheless contends Plaintiff's other theories of relief establish the amount-in-controversy requirement.

Defendant first argues the Arbitration Certificate and Tier 2 Designation is evidence that the amount in controversy is at least $50,000. (Doc. 10 at 5). Maricopa County Superior Court local rule 3.10 requires arbitration for claims under $50,000. The Arbitration Certificate establishes that Plaintiff is likely seeking an amount that is more than $50,000. The certificate does not prove, however, that the amount in controversy is greater than $75,000. *See Ferguson v. First Am. Specialty Ins. Co.*, 2009 WL 4154653, at *3 (D. Ariz. Nov. 23, 2009) (finding that although the certificate established plaintiffs were likely seeking an amount more than $50,000, the certificate did not prove that the amount was greater than $75,000); *Rieke v. ManhattanLife Assurance Co. of Am.*, 2020 WL 3056123, at *1 (D. Ariz. June 9, 2020) (finding "[t]he certificate does little more than suggest that [p]laintiff's claims are more than $50,000—it does not demonstrate that [p]laintiff's damages more likely than not exceed $75,000."). Thus, the Arbitration Certificate only demonstrates that the amount in controversy is at least $50,000.[1]

---

[1] Defendant also argues Plaintiff's Tier 2 Designation is evidence that the amount in controversy is at least $50,000. (Doc. 10 at 5). The Court already concluded the Arbitration Certificate demonstrates that the amount in controversy is at least $50,000 and therefore need not address Defendant's Tier 2 argument.

Defendant makes the same arguments under *Elhouty v. Lincoln Benefit Life Co.* to support the proposition that the policy's face amount ($50,000) is the measure of the amount in controversy. *See* 886 F.3d 752, 756 (9th Cir. 2018) ("it is long-established that in declaratory judgment actions about whether an insurance policy is in effect or has been terminated, the policy's face amount is the measure of the amount in controversy").

**2. Attorney's Fees, Emotional Distress and Punitive Damages**

Defendant next argues Plaintiff's claims for attorneys' fees, emotional distress, and punitive damages make up the remaining $25,000 and thus the amount in controversy exceeds $75,000. (Doc. 10 at 5–14).

    **i. Attorneys' Fees**

Attorneys' fees may be included in the amount in controversy when a statute authorizes those fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Under Arizona law, attorneys' fees incurred in pursuing a bad faith action may be awarded to a successful litigant. *Noble v. Nat'l Am. Life Ins. Co.*, 624 P.2d 866, 868 (1981).

Defendant argues that under a conservative estimate Plaintiff will "incur $53,350 in fees which exceeds the $25,000 amount needed to fulfill the jurisdictional minimum." (Doc. 10 at 10). Defendant offers no other evidence to substantiate their statement and an affidavit is insufficient to calculate the $75,000 threshold. *See Burk v. Med. Sav. Ins. Co.*, 348 F. Supp.2d 1063, 1068 (D. Ariz. 2004); *Ferguson*, 2009 WL 4154653, at *3 (finding an affidavit estimating the attorneys' fees is too speculative in calculating the amount in controversy); *Welsh v. New Hampshire Ins. Co.*, 843 F. Supp. 2d 1006, 1010 (D. Ariz. 2012) (same). Moreover, although counsel's affidavit and briefing discuss at length what potential work the attorneys might undertake, this Court agrees with the *Ferguson* court that the "estimated hourly billing rate and number of hours required to achieve that work are simply too speculative." *Id.* Thus, absent further evidence, Defendant's mere affidavit cannot support a finding that it is more likely than not that Plaintiff's attorneys' fees would sufficiently increase the amount in controversy above $75,000.

    **ii. Emotional Distress and Punitive Damages**

Punitive damages recoverable under law may be included in computing the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Under Arizona law, punitive damages may be awarded in bad faith insurance cases. *Filasky v.*

---

Plaintiff concedes the policy's face value is $50,000 but argues it does not satisfy Defendant's burden of proof that the amount in controversy exceeds $75,000. (Doc. 12 at 4). The Court agrees. Defendant must therefore still prove Plaintiff's remaining claims for damages exceed $25,000.

- 5 -

*Preferred Risk Mut. Ins. Co.*, 734 P.2d 76, 83 (Ariz. 1987). But "the mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met." *Burk*, 348 F. Supp. 2d at 1069 (citing *Surber v. Reliance Nat'l Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000)). Defendant must present appropriate evidence, such as jury verdicts in analogous cases, to show that a claim for punitive damages establishes that it is more likely than not that the amount in controversy exceeds $75,000. *Id.* (internal citations omitted).

Here, Defendant argues the emotional distress and punitive damages awards would exceed $25,000 because several other insurance bad faith cases authorized significant awards. (Doc. 10 at 11–13). While Defendant cites to several cases, Defendant must "articulate why the *particular facts* that are alleged in the instant action might warrant extraordinary punitive damages." *See Haisch v. Allstate Ins. Co.*, 942 F. Supp. 1245, 1249 (D. Ariz. 1996) (emphasis added) ("It would be inherently speculative . . . to conclude that the amount in controversy requirement can be met simply by asserting that large punitive damages have been awarded in the past against insurance companies . . . ."). Although Defendant quotes allegations from Plaintiff's Amended Complaint, such as how Defendant's actions caused her "emotional, mental and physical pain, suffering, frustration, annoyance, fear, and anger among other injuries" these allegations alone do not establish that "it is more likely than not that the amount in controversy exceeds $75,000." *Burk*, 348 F. Supp. 2d at 1069; *see also Romero v. Mendota Ins. Co.*, 2016 WL 6775950, at *1 (D. Ariz. Nov. 16, 2016) (finding defendant failed to allege specific facts to support its conclusory assertion that it is more likely than not that the amount in controversy exceeds the sum of $75,000, despite plaintiffs' $50,000 policy limit and certification that the claim was worth more than $50,000); *Valdez*, 372 F. 3d at 1117 (finding plaintiff's request for general damages in excess of $50,000 as well as an undisclosed amount of punitive damages was insufficient to establish that the amount in controversy requirement was met). Plaintiff also filed a $65,000 Offer of Judgment, which Defendant declined, further suggesting the parties perceive a lower amount in controversy. (Doc. 6-1 at 2).

### 3. Offer of Judgment

An offer of judgment is not dispositive but may be "relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (discussing settlement offers); *Ritthaler v. IDS Prop. Cas. Ins. Co.*, 2007 WL 2081479, at *1 (D. Ariz. July 20, 2007) (considering plaintiff's $68,000 offer of judgment in holding the amount in controversy did not exceed $75,000); *Brown v. Bankers Life & Cas. Co.*, 2009 WL 2914215, at *4 (D. Ariz. Sept. 8, 2009) (same). Plaintiff attached a $65,000 Offer of Judgment with her Amended Complaint, suggesting Plaintiff believed the amount in controversy was less than $75,000. (Doc. 6-1 at 2). Defendant rejected Plaintiff's Offer of Judgment, suggesting Defendant also believed the case could be resolved for less than $65,000.

Plaintiff's Offer of Judgment undermines Defendant's evidence and Defendant fails to establish by a preponderance of the evidence that Plaintiff's amount in controversy exceeds $75,000.

## B. Attorneys' Fees

Plaintiff requests attorneys' fees for Defendant's removal. Fees may be awarded "where the removing party lacked an objectively reasonable basis for seeking removal . . . ." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Defendant's attempt to remove this case was not unreasonable, and thus Plaintiff's request for fees is denied. Plaintiff certified this case was worth more than $50,000 and seeks attorneys' fees, emotional distress, and punitive damages. (Doc. 1-3). Defendant did not allege sufficient facts to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000, but that does not mean Defendant's attempt to remove the case was unreasonable. Plaintiff's request for attorneys' fees is therefore denied.

## III. Conclusion

Defendant fails to establish by a preponderance of the evidence that Plaintiff's amount in controversy exceeds $75,000. For this reason, coupled with the strong presumption against removal jurisdiction, the Court concludes it lacks subject matter

1  jurisdiction over this action.

2  Accordingly,

3  **IT IS HEREBY ORDERED** that the stay in this matter is **lifted**.

4  **IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand (Doc. 6) is **granted**. The Clerk of Court is directed to remand this matter back to the Maricopa County Superior Court.

7  **IT IS FURTHER ORDERED** that Plaintiff's request for attorneys' fees associated with the removal is **denied**.

9  Dated this 7th day of December, 2022.

Honorable Diane J. Humetewa
United States District Judge